UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKILA TRADING (PTY), LTD., | No. 2:14-cv-1625-KJM-AC |
| Plaintiff, | |
| v. | |
| GLOBAL COMMODITIES TRADING GROUP, INC., | ORDER |
| Defendant. | |

This matter is before the court on plaintiff's September 22, 2013, ex parte application for an order shortening time in which to hear its motion for default judgment. ECF No. 12. In its application, plaintiff argues that "[s]ince Global is not expected to respond to the Complaint or the Motion for Default Judgment, there is no reason to delay a hearing on Akila's Motion for Default Judgment. ECF No. 12-1 at 2. The court has considered plaintiff's argument and now DENIES its ex parte application.

Local Rule 144(e) states:

> **Shortening Time.** Applications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time. Ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action. Stipulations for the issuance of an order shortening time require the approval of the Judge or Magistrate Judge on whose

1

calendar the matter is to be heard before such stipulations are given effect. Any proposed order shortening time shall include blanks for the Court to designate a time and date for the hearing and for the filing of any response to the motion.

"Ex parte motions are rarely justified." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. . . . [and] it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id. at 492.

Here, plaintiff's application is procedurally defective. First, plaintiff has failed to set forth a "satisfactory explanation for the need for the issuance of such an order." Id. The court does not consider the fact that defendant is unlikely to oppose plaintiff's motion to be a satisfactory explanation for the shortening of time. Nor can the court say that plaintiff's cause will be irreparably prejudiced if its motion for default judgment is not heard on a shortened schedule. In fact, plaintiff's argument seems to be that defendant will not be prejudiced by the shortening of time because it will not respond regardless of how much time it is given. This does not help plaintiff establish that it will be prejudiced if its motion is not heard on a shortened schedule. Plaintiff's argument merely helps establish that defendant will not be prejudiced if the court grants plaintiff's application, which is not sufficient under Rule 144(e).

For these reasons, plaintiff's ex parte application for an order shortening time is denied.

IT IS SO ORDERED.

DATED: September 24, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE